IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CREATIVE LIFTING SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20–CV–337 |
| | ) |
| STEAM LOGISTICS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Steam Logistics, LLC filed a Motion for Judgment on the Pleadings. [Doc. 16]. Defendant seeks judgment in its favor on all of Plaintiff Creative Lifting Service's claims, as well as on its own counterclaim. [*Id.*]. For the reasons stated below, the Court **GRANTS** Plaintiff's construed Motion to Amend [Doc. 18] and **DENIES** Defendant's Motion for Judgment on the Pleadings [Doc. 16].

### I. BACKGROUND

Plaintiff's complaint alleges that it hired Defendant to ship a crane (the "Crane") from Italy to Houston. [Doc. 1, at 1]. Defendant issued a Bill of Lading dated April 13, 2020, with a shipment date for the Crane of December 3, 2019. [*Id.*; Doc. 1-1]. Plaintiff incorporates the Bill of Lading into the complaint by reference.[1] [Doc. 1, at 2].

Plaintiff alleges that Defendant misrepresented that it had the experience, skill, and knowledge necessary to procure a competent shipping company to ship the Crane from Italy to Houston. [*Id.*]. Instead, Defendant hired a shipping agent that used insect-infested wood to support the Crane during shipping, which caused the Crane to be rejected at port in Houston and returned

---

[1] However, the terms and conditions of the Bill of Lading [Doc. 1-1, at 2], as attached to the complaint, are mostly illegible.

1

to Italy. [*Id.*] Defendant then told Plaintiff that Plaintiff must incur the additional costs to have the Crane shipped back to Houston, stating that "[u]ltimately, the risks associated with these moves does fall back on [Plaintiff] as the importer." [*Id.*].

Plaintiff filed its complaint in this action on December 3, 2020, alleging that Defendant: (1) violated the Tennessee Consumer Protection Act (the "TCPA"); (2) intentionally misrepresented its experience, skill, and knowledge to Plaintiff's detriment; (3) breached its contract with Plaintiff as set forth in the Bill of Lading; and (4) negligently procured subcontractors that did not have the necessary experience, knowledge, or skill to ship the Crane from Italy to Houston. [Doc. 1, at 2–5].

Defendant answered the complaint, denying all wrongdoing and counterclaiming for breach of contract. [Doc. 12]. Defendant's counterclaim alleges that Plaintiff and Defendant have done business together since 2017, and that at the time the parties entered into the transaction at issue, Defendant had coordinated over forty other international shipments for Plaintiff. [*Id.* at 4]. Defendant claims that the third-party seller of the Crane, Vicario, packaged the Crane for shipping. [*Id.* at 5]. Accordingly, the Crane was placed on the boat for shipment from the Italian port as packaged by Vicario, and Defendant did not oversee any party responsible for packing, loading, or shipping the Crane to Houston. [*Id.*]. After the Crane was rejected at the Houston port, Defendant provided a quote to Plaintiff for reshipping the Crane from Italy to Houston, and Plaintiff agreed to the quote. [*Id.*] However, after the Crane arrived back in Houston and was released to Plaintiff, Plaintiff refused to compensate Defendant for the shipment of the Crane. [*Id.* at 6]. Defendant seeks damages in the amount of $19,111.21 for Plaintiff's breach. [*Id.* at 7]. Defendant then filed its Motion for Judgment on the Pleadings. [Doc. 16]. Plaintiff has responded in opposition [Doc. 18], and the matter is now ripe for the Court's review.

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." When a Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, the court applies the standard of review for a Rule 12(b)(6) motion. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). Motions made under either Rule 12(c) or 12(b)(6) test the legal sufficiency of the complaint and should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 11–12 (citations omitted).

"For purposes of a motion for judgment on the pleadings or a motion to dismiss, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Sun Life Assur. Co. of Canada v. Conestoga Trust Services, LLC*, No. 3:14-cv-539, 2015 U.S. Dist. LEXIS 131737, at *5 (E.D. Tenn. Sept. 29, 2015) (citing *J.P. Morgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's allegations must consist of more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

With respect to Defendant's motion for judgment on the pleadings on its own counterclaim, the Court will grant Defendant's motion if (1) the admissions in the Plaintiff's answer entitle the

3

Defendant to judgment as a matter of law, and (2) the Plaintiff's affirmative defenses do not require factual development. *See Founders Ins. Co. v. Bentley Entertainment, LLC*, No. 3:12-cv-01315, 2013 U.S. Dist. LEXIS 100778, at *21 (M.D. Tenn. July 18, 2013) (quoting *Crossville, Inc. v. Kemper Design Center, Inc.*, No. 2:09-0120, 2010 U.S. Dist. LEXIS 66806 (M.D. Tenn. July 2, 2010)).

### III. ANALYSIS

Defendant seeks judgment on the pleadings for Plaintiff's claims and its own counterclaim. The Court will address each claim in turn.

**A. Tennessee Consumer Protection Act**

The TCPA forbids "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). To state a claim under the TCPA, Plaintiff must allege "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated.'" *Hanson v. J.C. Hobbs Co.*, No. W2011-02523-COA-R3-CV, 2012 Tenn. App. LEXIS 807, at *25 (Tenn. Ct. App. Nov. 21, 2012) (citations omitted). Plaintiff specifically alleges that Defendant violated two subsections of the TCPA, both of which require a misrepresentation:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

. . . .

(7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another[.]

4

[Doc. 1, at 3]; Tenn. Code Ann. § 47-18-104(b)(5), (7).

Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to TCPA claims. *Ike v. Quantum Servicing Corp.*, No. 11-02914, 2012 U.S. Dist. LEXIS 121422, at *9–*10 (W.D. Tenn. Aug. 27, 2012) (citations omitted); *see also Peoples v. Bank of Am.*, No. 11-2868, 2012 U.S. Dist. LEXIS 22208, at *32 n.63 (W.D. Tenn. Feb. 22, 2012) (citations omitted) ("Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct."). "To satisfy this requirement a complaint must set forth specific fraudulent or deceptive acts rather than general allegations." *Agfa Photo United States Corp. v. Parham*, No. 1:06-cv-216, 2007 U.S. Dist. LEXIS 40980, at *31–*32 (E.D. Tenn. June 5, 2007) (citing *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128, 132 (Tenn. Ct. App. 1990)).

Plaintiff's complaint only alleges that Defendant "engaged in the unfair and deceptive act of representing to [Plaintiff] that it had the experience, skill, and knowledge necessary to procure a competent shipping company to ship the Crane from Italy to Houston." [Doc. 1, at 2].[2] This is insufficient to "plead with particularity the circumstances of the unfair or deceptive conduct." *See Peoples*, 2012 U.S. Dist. LEXIS 22208, at *32 (dismissing the plaintiff's TCPA claim because the plaintiff "failed to allege the particulars of the Defendant's conduct, specifically, the timing of his application for loan modification and the specifics of any representations made by Defendant.");

---

[2] Plaintiff, for the first time in briefing, claims that the Carriage of Goods by Sea Act ("COGSA") also imposes additional legal duties upon Defendant. "COGSA controls Bills of Lading and similar documents evidencing contracts for carriage of goods by sea to or from ports in the United States in foreign trade." *Associated Metals & Minerals Corp. v. The M/V Vishva Shobha*, 530 F.2d 714, 719 (6th Cir. 1976). Plaintiff's complaint does not expressly reference COGSA, let alone cite specific provisions of COGSA or the Bill of Lading that it believes confer a legal duty upon Defendant. Notably, where an action is governed by COGSA, state causes of action are barred for breach of contract and negligence. *Expeditors Int'l of Wash., Inc. v. Crowley Am. Transp., Inc.*, 117 F. Supp. 2d 663, 667 (S.D. Ohio 2000) (collecting cases). However, the Court need not decide at present whether COGSA imposes additional legal duties upon Defendant or bars any of Plaintiff's causes of action. The complaint does not mention COGSA or any specific duty allegedly imposed therein. Therefore, the complaint cannot plead with sufficient particularity a claim under the TCPA, or as discussed later, a claim for intentional misrepresentation, with respect to duties allegedly imposed by COGSA. If Plaintiff wishes to assert in its amended complaint that COGSA places a legal duty on Plaintiff that is actionable under the TCPA or under a state-law claim for intentional misrepresentation, it must plead such assertions with particularity.

5

*see also Muldrow v. JPMorgan Chase Bank, N.A.*, No. 16-cv-2381, 2016 U.S. Dist. LEXIS 97047, at *11–*13 (W.D. Tenn. July 26, 2016) (holding that the plaintiffs failed to state a claim under the TCPA where "Plaintiffs [] failed to allege the particulars of Defendant's conduct, such as the specifics of any representations made by Defendant."); *Mantsevich v. Countrywide Home Loans, Inc.*, No. 1:12-cv-157, 2013 U.S. Dist. LEXIS 45437, at *16 (E.D. Tenn. Mar. 29, 2013) (dismissing TCPA and fraud claims where "plaintiffs set forth no specific facts in the complaint to demonstrate why or how defendants' conduct constituted intentional misrepresentations or fraud" and "[p]laintiffs' allegations [were] purely conclusory.").

Further, despite Plaintiff's argument to the contrary, incorporation by reference of the Bill of Lading alone is insufficient to plead a TCPA claim with particularity where Plaintiff has not alleged which provisions therein are supposed to constitute misrepresentations. The threshold test for particularity is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (citing *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D. Tenn. 1986)). Incorporating the entirety of the Bill of Lading into the complaint by reference, without more, does not allow Defendant to respond to Plaintiff's claim in an informed way. Accordingly, Plaintiff has failed to state an actionable claim under the TCPA.

However, in Plaintiff's response, it asks that "[i]n the event that the court finds that the specific dates and times and wording of the Bill of Lading are required to be included again within the TCPA claim, Plaintiff requests leave of court to amend the Complaint." [Doc. 18, at 5]. The Court will construe this as a motion to amend the pleadings.[3] When both a dispositive motion and

---

[3] *See, e.g., Holland v. Red River Trucking, LLC*, No. 10-cv-218, 2011 U.S. Dist. LEXIS 64137, at *24 n.5 (E.D. Ky. June 10, 2011) ("In Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs stated that

6

Case 1:20-cv-00337-JRG-CHS   Document 20   Filed 01/13/22   Page 6 of 14   PageID #: 94

a motion to amend are pending, the Court must first address the motion to amend before dismissing the claims. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988) ("[I]t was an abuse of discretion for a district court to dismiss a suit on the basis of the original complaint without first considering and ruling on a pending motion to amend." (citing *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)).

Fed. R. Civ. P. 15 governs the amendment of pleadings in federal court.[4] Under Rule 15, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Plaintiff did not amend its complaint as a matter of course within the twenty-one-day window provided from the filing of Defendant's answer on March 23, 2021. [Doc. 15]. At this juncture, Plaintiff can only amend its pleadings with Defendant's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." *Id.*

The Sixth Circuit Court of Appeals has explained that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex. rel. Bledsoe v. Cmty. Health*

---

'if the Court deems the present allegations insufficient[,] the Trustees would request leave to file a Second Amended Complaint . . ..' This Court shall construe this statement as a Motion to Amend Plaintiffs' Complaint under Rule 15(a)(2)."). Plaintiff is **ON NOTICE** that any further requests to amend the pleadings should be the subject of a separate motion filed with the Court. Additionally, any future motions to amend must include a proposed amended pleading pursuant to E.D. Tenn. L.R. 15.1. A future failure to comply with this rule "may be grounds for denial of the motion." E.D. Tenn. L.R. 15.1.

[4] "It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (citing *Hanna* v. *Plumer*, 380 U.S. 460, 465 (1965)).

*Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (emphasis added). However, the Court may deny leave to amend for a variety of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.*

The Court does not see a reason to deny leave to amend at this time. The Court has yet to put down a scheduling order in this action, and discovery has not begun. There will be no prejudice to Defendant in maintaining a defense on the merits if Plaintiff is permitted to amend its complaint. Accordingly, the Court will **GRANT** Plaintiff's construed Motion to Amend [Doc. 18]. Defendant's Motion for Judgment on the Pleadings [Doc. 16] with respect to Plaintiff's TCPA claim is therefore **DENIED**. However, Defendant is not prejudiced from filing a second motion for dismissal or judgment on the pleadings with respect to Plaintiff's amended complaint. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint to state its TCPA claim with particularity. If Plaintiff fails to comply with Fed. R. Civ. P. 9(b)'s requirement of particularity, Plaintiff is hereby **ON NOTICE** the Court will dismiss its TCPA claim with prejudice.

### B. Intentional Misrepresentation

In Tennessee, common law fraud (also known as fraudulent or intentional misrepresentation) has six elements: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false

8

when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation. *Mantsevich*, 2013 U.S. Dist. LEXIS 45437, at \*14 (citing *Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012)). As with claims under the TCPA, "under both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure, a plaintiff must plead a claim of fraud with particularity." *Id.* (citations omitted).

The extent of Plaintiff's allegations in the complaint with respect to intentional misrepresentation, aside from incorporating the Bill of Lading into the count along with the paragraphs comprising Plaintiff's TCPA claim, state that "[Defendant] intentionally misrepresented to [Plaintiff] that it had the experience, skill, and knowledge necessary to hire a shipping company that would competently ship Plaintiff's crane directly from Italy to Houston. However, Defendant instead hired a shipping company that did not have the necessary experience, skill, and knowledge to competently ship Plaintiff's crane from Italy to Houston." [Doc. 1, at 3–4].

Plaintiff fails to state a claim for intentional misrepresentation for the same reasons that its TCPA claim fails. Plaintiff has not "plead[ed] with particularity the circumstances of the unfair or deceptive conduct" underlying its fraud claim. *See Peoples*, 2012 U.S. Dist. LEXIS 22208, at \*32. Nor does Plaintiff's complaint place Defendant on "sufficient notice of the [alleged] misrepresentation[s]," thereby allowing Defendant to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Coffey*, 2 F.3d at 162.

For the reasons stated in the Court's analysis of Plaintiff's TCPA claim, the Court will **GRANT** Plaintiff leave to amend its intentional misrepresentation claim, and Defendant's Motion for Judgment on the Pleadings with respect to this claim is therefore **DENIED**. However, Defendant is not prejudiced from filing a second motion for dismissal or judgment on the

9

pleadings. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint to state its intentional misrepresentation claim with particularity. If Plaintiff fails to comply with Fed. R. Civ. P. 9(b)'s requirement of particularity, Plaintiff is hereby **ON NOTICE** the Court will dismiss its intentional misrepresentation claim with prejudice.

### C. Breach of Contract

Under Tennessee law, a breach of contract claim has three parts: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Plaintiff's complaint alleges that "the Bill of Lading was a valid and binding contract" between the parties, and that "Defendant breached the Bill of Lading by failing to hire a shipping company with the necessary experience skill and knowledge to properly perform the shipment pursuant to the Bill of Lading instead hiring a company that utilized infested wood to support the Crane in shipping causing the Crane to be rejected at the port of Houston." [Doc. 1, at 4].

The parties do not appear to dispute the existence or validity of the Bill of Lading. Therefore, the Court finds that Plaintiff has alleged facts to satisfy the first element of a breach of contract claim. With respect to the second element, Plaintiff's response to the Motion for Judgment on the Pleadings argues that "with the incorporation of COGSA into the Bill of Lading, Defendant had a duty under the contract to use reasonable care in the 'loading, stowage, custody, care, or proper delivery' of the crane[.]" [Doc. 18, at 7]. However, as discussed above, Plaintiff's actual complaint does not expressly reference COGSA, let alone explain which contractual provisions of the Bill of Lading it believes Defendant to have breached, and the relevant terms and conditions of the Bill of Lading as attached to the complaint are largely illegible. Plaintiff merely concludes,

without factual basis, that Defendant's failure to hire a non-negligent shipping company constitutes a breach of contract. This is insufficient to plead "nonperformance amounting to a breach of the contract." *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, No. 11-2987, 2012 U.S. Dist. LEXIS 48976, at *30–*31 (W.D. Tenn. April 6, 2012) (dismissing breach of contract claim where, *inter alia*, the plaintiff's complaint did not identify what provisions of the contract at issue imposed a legal duty upon the defendant).

However, for the reasons stated with respect to Plaintiff's fraud-based claims, the Court will **GRANT** Plaintiff leave to amend.[5] Defendant's Motion for Judgment on the Pleadings on Plaintiff's breach of contract claim is therefore **DENIED**. However, Defendant is not prejudiced from filing a second motion for dismissal or judgment on the pleadings. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint to state a claim for breach of contract. If Plaintiff fails to comply, Plaintiff is hereby **ON NOTICE** that the Court will dismiss its breach of contract claim with prejudice.

### D. Negligence

Under Tennessee law, in order to recover under a theory of common law negligence, a plaintiff must establish the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991).

"[W]hen two parties enter into a contractual agreement, their obligations to each other arise out of the contract itself, so that a violation of the contractual duty supports an action in contract rather than in tort." *Williams v. SunTrust Mortg., Inc.*, No. 3:12-CV-477, 2013 U.S. Dist. LEXIS

---

[5] "Plaintiff further requests that it may be . . . granted leave as court [sic] to amend its Complaint as may be necessary." [Doc. 18, at 9].

11

41028, at *11 (E.D. Tenn. Mar. 25, 2013) (citing *Permobil, Inc. v. Am. Express Travel Related Servs., Inc.*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008) ("[I]f the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action.")) (other citations omitted).

Thus, in order to allege negligence, Plaintiff must allege that Defendant owed it a common law duty in addition to its contractual obligations. "[W]here the only claim for negligence is based on a breach of a contract obligation and there is no extra-contractual duty, the first element of the tort claim fails." *America's Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, No. 3:09-cv-143, 2016 U.S. Dist. LEXIS 195369, at *59 (citing *Silvestro v. Bank of Am., N.A.*, No. 3-13-0066, 2013 U.S. Dist. LEXIS 37675 (M.D. Tenn. Mar. 19, 2013)).

Plaintiff's complaint alleges that "[p]ursuant to the Bill of Lading, [Defendant] owed a duty to exercise due care in the brokering of the shipment of the Crane from Italy to Houston to Colorado." [Doc. 1, at 5]. Plaintiff has not alleged a source of a legal duty outside of its contractual relationship with Defendant, so it has not properly alleged the first element of its tort claim. Rather, Plaintiff's negligence claim merely "recasts contractual claims in the language of tort." *Amirazodi v. Capella Educ. Co.*, No. 3:21-cv-00074, 2021 U.S. Dist. LEXIS 92339, at *16 (M.D. Tenn. May 14, 2014) (citation omitted).

Plaintiff requested leave to amend its negligence claim, and the court will **GRANT** leave to amend for the reasons previously discussed. [Doc. 18, at 9]. Defendant's Motion for Judgment on the Pleadings is therefore **DENIED** with respect to Plaintiff's claim for negligence. However, Defendant is not prejudiced from filing a second motion for dismissal or judgment on the pleadings. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint to

state a claim for negligence. If Plaintiff fails to comply, Plaintiff is hereby **ON NOTICE** that the Court will dismiss the negligence claim with prejudice.

### E. Defendant's Counterclaim for Breach of Contract

Defendant has counterclaimed for breach of contract in this action, stemming from Plaintiff's failure to pay for reshipment of the Crane. [*See* Doc. 12]. However, as previously mentioned, the Court will only grant judgment on the pleadings to Defendant if (1) the admissions in the Plaintiff's answer entitle the Defendant to judgment as a matter of law, **and** (2) the Plaintiff's affirmative defenses do not require factual development. *See Founders Ins. Co.*, 2013 U.S. Dist. LEXIS 100778, at *22.

Plaintiff's affirmative defenses read much like the allegations within its complaint. However, "[u]nder the current Sixth Circuit approach, 'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the offense.'" *Sewell v. Allied Interstate, Inc.*, 2011 U.S. Dist. LEXIS 983, at *20 (E.D. Tenn. Jan. 5, 2011) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)).

Plaintiff's affirmative defenses include allegations that: (1) Defendant breached its duties pursuant to the contract between the parties; (2) Defendant failed to mitigate its damages; and (3) Defendant's damages were caused in whole or in part by the acts or omissions of another party. [Doc. 15, at 5–6]. The Court finds that these affirmative defenses require further factual development. *See Ferndale Labs., Inc. v. Schwarz Phrama, Inc.*, 123 Fed. App'x 641, 648 (6th Cir. 2005) (citing *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 606 (6th Cir. 1988) ("[Q]uestions raised concerning damages are essentially questions of fact.") (other citations omitted); *Invisible Fence, Inc. v. Fido's Fences, Inc.*, No. 3:09-cv-25, 2013 U.S. Dist. LEXIS 73688, at *17 (E.D. Tenn. May 24, 2013) ("Of course, whether or not a party is in breach [of

13

contract] is a question of law; however, the factual scenarios that precipitated breach, and the truth or falsity of those allegations, are questions of fact best decided by a trier of fact."). Accordingly, Defendant's Motion for Judgment on the Pleadings [Doc. 16] on its own counterclaim is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's construed Motion to Amend [Doc. 18] and **DENIES** Defendant's Motion for Judgment on the Pleadings [Doc. 16]. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint. Defendant is not prejudiced from filing a subsequent motion for dismissal or motion for judgment on the pleadings with respect to Plaintiff's amended complaint.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
