IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CREATIVE LIFTING SERVICES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20–CV–337 |
| | ) |
| STEAM LOGISTICS, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Steam Logistics, LLC previously filed a Motion for Judgment on the Pleadings. [Doc. 16]. The Court denied Defendant's motion and instead granted Plaintiff Creative Lifting Services, Inc.'s motion for leave to amend its Complaint. [*See* Doc. 20]. However, the Court explained in its Order that Defendant would not be "prejudiced from filing a second motion for dismissal or judgment on the pleadings." [*Id.* at 8, 9, 11, 12]. Plaintiff filed an Amended Complaint on January 24, 2022 [Doc. 21], and Defendant filed a Motion to Dismiss for Failure to State a Claim on February 11, 2022 [Doc. 26]. For the reasons stated below, Defendant's Motion to Dismiss [Doc. 26] is **GRANTED IN PART**.

### I. BACKGROUND

The factual content of Plaintiff's Amended Complaint is largely identical to the original Complaint. Plaintiff alleges that it hired Defendant to ship a crane (the "Crane") from Italy to Houston. [Doc. 21, at 1]. Defendant issued a Bill of Lading[1] dated April 13, 2020, with a shipment date for the Crane of December 3, 2019. [*Id.*].

---

[1] Plaintiff failed to attach the complete Bill of Lading to its Amended Complaint. After Defendant pointed out this deficiency [Doc. 27, at 6 n.2], Plaintiff filed a "Supplement" to the Amended Complaint attaching the complete exhibit. [*See* Doc. 30-1]. This Court has already placed Plaintiff

1

Plaintiff alleges that Defendant caused the Crane to be shipped from Houston to Italy as the Carrier pursuant to the Bill of Lading, but the wood utilized to stabilize the Crane for shipment was infested with insects. [*Id.* at 2]. Accordingly, the shipment was rejected at the Port of Houston. [*Id.*]. Defendant then caused the Crane to be shipped back to Italy to be fumigated and reshipped to Houston. [*Id.*].

Plaintiff claims that Defendant engaged in "unfair and deceptive acts" based upon representations made to Plaintiff through Defendant's website, steamlogistics.com, such as "[t]he perfect shipment lives here"; "[Defendant] provide[s] end to end logistics solutions across all transportation modes"; "[Defendant's] progressive tailored approach delivers an elevated service experience when compared to traditional 'big box' forwarders."; "[d]eep expertise by a veteran team of talented logistics professionals"; and "[s]hip confidently with total accountability throughout the lifecycle of your shipment." [Doc. 21, at 2]. Plaintiff alleges that Defendant violated these representations when it failed to "ensure that a certified packing company was utilized to pack the Crane and that all shipments complied with International Standards for Phytosanitary Measures No. 15[.]" [*Id.* at 2]. Defendant further told Plaintiff that Plaintiff must incur the additional costs to have the Crane shipped back to Houston, stating that "[u]ltimately, the risks associated with these moves does fall back on [Plaintiff] as the importer." [*Id.* at 3].

---

on notice that any future attempts to amend the pleadings should be the subject of a separate filed motion. [Doc. 20, at 7 n.3 ("Plaintiff is **ON NOTICE** that any further requests to amend the pleadings should be the subject of a separate motion filed with the Court.")]. Accordingly, the Court will not consider Plaintiff's Supplement [Doc. 30] or its exhibits as a properly filed Amended Complaint. Ultimately, however, this error is immaterial to the Court's decision in this case. To the extent that the contents of the Bill of Lading are relevant to Plaintiff's breach of contract claim, Plaintiff has now failed twice to identify any provisions within the Bill of Lading that Defendant has allegedly breached. *See infra* Section III.C.

Plaintiff further alleges that Defendant, based on the representations contained on its website, negligently misrepresented that it had the experience, skill, and knowledge necessary to procure a competent shipping company to ship the Crane from Italy to Houston. [*Id.* at 3–4]. Instead, Defendant failed to ensure that a certified packing company packed the Crane and failed to mitigate the damage caused by the infested packing when Defendant had the Crane returned to Italy rather than sent to a closer port that would accept it in order to fumigate and re-pack the Crane. [*Id.* at 4].

Plaintiff's Amended Complaint alleges that Defendant: (1) violated the Tennessee Consumer Protection Act (the "TCPA"); (2) negligently misrepresented its experience, skill, and knowledge to Plaintiff's detriment; (3) breached its contract with Plaintiff as set forth in the Bill of Lading; and (4) negligently procured subcontractors that did not pack the Crane in compliance with applicable international standards. [Doc. 21, at 2–5]. Defendant did not answer the Amended Complaint, instead filing its Motion to Dismiss [Doc. 26]. Plaintiff has responded in opposition [Doc. 31], and the matter is now ripe for the Court's review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint. *Id.*

3

When considering a motion to dismiss under Rule 12(b)(6), a court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. *Iqbal*, 556 U.S. at 678. A plaintiff's allegations must consist of more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

Generally, if a court examines documents outside the pleadings when ruling on a motion to dismiss, the motion is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d); *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). A court may look beyond the pleadings if an exhibit is integral to the plaintiff's claims but is not required to do so. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### III. ANALYSIS

Defendant seeks dismissal for all of Plaintiff's claims. The Court will address each claim in turn.

#### A. Tennessee Consumer Protection Act

The TCPA forbids "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce." Tenn. Code Ann. § 47-18-104(a). To state a claim under the TCPA, Plaintiff must allege "(1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an 'ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated.'" *Hanson v. J.C. Hobbs Co.*, No. W2011-02523-COA-R3-CV, 2012 Tenn. App. LEXIS

4

807, at *25 (Tenn. Ct. App. Nov. 21, 2012) (citations omitted). Plaintiff specifically alleges that Defendant violated two subsections of the TCPA, both of which require a misrepresentation:

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

. . . .

(7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another[.] [Doc. 21, at 3]; Tenn. Code Ann. § 47-18-104(b)(5), (7).

As this Court previously explained, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to TCPA claims. *Ike v. Quantum Servicing Corp.*, No. 11-02914, 2012 U.S. Dist. LEXIS 121422, at *9–*10 (W.D. Tenn. Aug. 27, 2012) (citations omitted); *see also Peoples v. Bank of Am.*, No. 11-2868, 2012 U.S. Dist. LEXIS 22208, at *32 n.63 (W.D. Tenn. Feb. 22, 2012) (citations omitted) ("Courts applying the TCPA have held that a plaintiff must plead with particularity the circumstances of the unfair or deceptive conduct."). "To satisfy this requirement a complaint must set forth specific fraudulent or deceptive acts rather than general allegations." *Agfa Photo United States Corp. v. Parham*, No. 1:06-cv-216, 2007 U.S. Dist. LEXIS 40980, at *31–*32 (E.D. Tenn. June 5, 2007) (citing *Humphries v. West End Terrace, Inc.*, 795 S.W.2d 128, 132 (Tenn. Ct. App. 1990)).

Plaintiff's Amended Complaint relies on "promises" allegedly written on Defendant's website as the unfair and deceptive representations made in this case. [Doc. 21, at 2]. The question, then, is whether these promises constitute "specific fraudulent or deceptive acts rather than general allegations." *Agfa Photo*, 2007 U.S. Dist. LEXIS 40980 at *31–*32.

5

"Because the TCPA is remedial, courts have determined that it should be construed liberally in order to protect the consumer." *Am. Addiction Ctrs., Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820, 852 (M.D. Tenn. 2021) (citing *Miolen v. SafflesMiolen v. Saffles*, No. E2018-00849-COA-R3-CV, 2019 Tenn. App. LEXIS 180 (Tenn. Ct. App. Apr. 12, 2019)). Notably, whether a particular representation or act is "unfair" or "deceptive" within the meaning of the TCPA is a question of fact. *Id.*

Defendant argues in briefing that the TCPA-related allegations of the Amended Complaint are still too vague to satisfy the heightened pleading standard. [Doc. 27, at 5–6]. Defendant further argues that the "promises" pled by Plaintiff were pulled from Defendant's current website and that "proof will show Defendant's website has undergone a substantial remodel since 2019 when these shipments occurred." [*Id.* at 5–6 n.1]. However, on a motion to dismiss, the Court "must focus only on the allegations in the pleadings." *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)). As this Court previously stated, the threshold test for particularity is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendants to "answer, addressing in an informed way plaintiffs [sic] claim of fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (citing *Brewer v. Monsanto Corp.*, 644 F. Supp. 1267, 1273 (M.D. Tenn. 1986)).

Plaintiff has now alleged: (1) specific misrepresentations made to Plaintiff by Defendant through its website that Plaintiff claims to be unfair and deceptive, and (2) that those misrepresentations caused an ascertainable loss of money to Plaintiff. [*See* Doc. 21, at 2–3]. Defendant will therefore have the opportunity to address Plaintiff's specific alleged misrepresentations, which satisfies the purpose of particularity. Whether additional extrinsic proof

6

will show that the alleged misrepresentations were lawful or could not have caused a monetary loss to Plaintiff in 2019 are inappropriate considerations on a motion to dismiss. Here, the Court is constrained to the facts as set forth in the pleadings. Accordingly, Defendant's motion to dismiss Plaintiff's claim under the TCPA is **DENIED**.

### B. Negligent Misrepresentation

In its Amended Complaint, Plaintiff has replaced its claim for intentional misrepresentation with one for negligent misrepresentation. "To succeed on a claim of negligent misrepresentation, a plaintiff must establish that '(1) the defendant supplied information to the plaintiff; (2) the information was false; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied on the information.'" *Nat'l Union Fire Ins. Co. v. Small Smiles Holding Co.*, No. 3:10-00743, 2011 U.S. Dist. LEXIS 35675, at *6 (M.D. Tenn. Mar. 31, 2011) (citing *Int'l Mkt. & Rest. v. Belmont Univ.*, No. M2010-00005-COA-R3-CV, 2010 Tenn. App. LEXIS 697, at *7–*8 (Tenn. Ct. App. Nov. 9, 2010) (citations omitted)). "Furthermore, Tennessee courts require that the false information consists of statements of a material past or present fact[.]" *Id.* at *6–*7. As with claims under the TCPA, "claims for intentional and negligent misrepresentation are analyzed under the heightened standard set forth in Rule 9(b)." *Marshall v. ITT Tech. Inst.*, No. 3:11-cv-552, 2012 U.S. Dist. LEXIS 50843, at *9 (E.D. Tenn. Apr. 11, 2012) (citations omitted).

Plaintiff claims that through the same misrepresentations described in its TCPA claim, Defendant "negligently misrepresented . . . that it had the experience, skill, and knowledge necessary to hire a shipping company that would competently ship Plaintiff's Crane directly from Italy to Houston." [Doc. 21, at 3–4]. More specifically, Plaintiff claims that "Defendant failed to ensure that a certified packing company was utilized to pack th[e] Crane and that all shipments

complied with [ISMP 15]," and that Defendant "caused damage to Plaintiff when it failed to mitigate the damage of the infestation." [*Id.* 4]. In conclusion, Plaintiff alleges that it "reasonably relied on [Defendant's] misrepresentations as [Defendant] held itself out to have a 'deep expertise' in the field[.]" [*Id.*].

Plaintiff has failed to state a claim for negligent misrepresentation because it has not pled an essential element of the claim. Plaintiff's Amended Complaint does not state any facts relevant to how or why Defendant failed to use reasonable care in communicating the misrepresentations contained on its website to Plaintiff. *See, e.g., W. Lumber v. Burke-Parsons-Bowlby*, No. 4:09-cv-52, 2010 U.S. Dist. LEXIS 163754, at *14 (E.D. Tenn. Mar. 22, 2010) (finding a claim for negligent misrepresentation to be deficient where plaintiff did not allege that the defendants failed to exercise reasonable care in obtaining or communicating the information to the plaintiff); *Pugh v. Bank of Am.*, No. 13-2020, 2013 U.S. Dist. LEXIS 92959, at *44 (W.D. Tenn. July 2, 2013) (dismissing a claim of negligent misrepresentation where, *inter alia*, there was no factual allegation that the defendants failed to exercise reasonable care in communicating information to the plaintiff).

To the extent that Defendant argues that Plaintiff fails to plead that the information provided to Plaintiff was false or that Plaintiff justifiably relied on the information, the Court disagrees. Plaintiff expressly alleges that Defendant improperly handled shipment of the Crane and that it reasonably relied on Defendant's representations of having "deep expertise" in shipping logistics, ultimately to its financial detriment. The Court also finds that the allegations of the Amended Complaint support a reasonable inference that the information conveyed to Plaintiff about Defendant's capabilities to manage shipment of the Crane was, to some extent, false, because Plaintiff describes various failures to comply with shipping standards that it attributes to

8

Defendant. [Doc. 21, at 3–4]. As stated above, "[a] claim is facially plausible when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint." *Ashcroft*, 556 U.S. at 678. And, at this stage, the Court must take the allegations in the Amended Complaint as true and construe them in a light most favorable to Plaintiff. *Mixon*, 193 F.3d at 400. To the extent that the website's representations could or should be considered advertising or puffery, those considerations are inappropriate on a motion to dismiss.

The Court previously permitted Plaintiff to amend all claims of its Complaint to remedy various pleading deficiencies in each claim. [*See* Doc. 20]. It has not escaped the Court's notice that this is now the fifth claim of five that Plaintiff has failed to adequately plead, and the Court cautions Plaintiff to be more attentive when drafting future pleadings. However, the Sixth Circuit has explained that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex. rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citations omitted). Therefore, the Court will permit Plaintiff to amend its negligent misrepresentation claim, and Defendant's motion to dismiss this claim is **DENIED**. Plaintiff will have **ten (10) days** from the date of this Order to amend its complaint to state a claim for negligent misrepresentation. If Plaintiff fails to correct its pleading deficiencies, Plaintiff is hereby **ON NOTICE** the Court will dismiss the negligent misrepresentation claim with prejudice.

### C. Breach of Contract

Under Tennessee law, a breach of contract claim has three parts: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). As in their previous filings, the parties do not appear to dispute the

existence or validity of the Bill of Lading. Therefore, the Court finds that Plaintiff has alleged facts to satisfy the first element of a breach of contract claim.

With respect to the second element, Plaintiff's Amended Complaint states that "Defendant breached the Bill of Lading by failing to exercise due care in its role as a Carrier pursuant to the Bill of Lading" and by failing to "mitigate the damage of the infestation by shipping the Crane all the way back to Italy from Houston[.]" [Doc. 21, at 4–5]. Plaintiff's Amended Complaint further states that that Defendant's "duty of due care" included "ensuring that a certified packing company was utilized to pack the Crane and that all shipments complied with International Standards for Phytosanitary Measures No. 15 ("ISPM 15")[.]" [*Id.* at 4]. Notably, this language is almost identical to the language used in Plaintiff's negligence claim. [*See id.* at 5].

Plaintiff, once again, does not state in its Amended Complaint which contractual provisions of the Bill of Lading it believes Defendant to have breached. It attempts to remedy this in its Response to the Motion to Dismiss, citing to Sections 5.1 and 6.1 of the Bill of Lading. Section 5.1 states that the Carrier shall "use reasonable endeavors to complete transport and to deliver the goods at a place designated for delivery." [Doc. 31, at 6]. Section 6.1 further states that "the carrier shall be liable for 'loss or damage to the good occurring between the time when it takes goods into its custody and the time of delivery." [*Id.*]. However, "[a] motion to dismiss 'tests the sufficiency of the complaint, not additional facts that are set forth in response to a motion to dismiss.'" *Leeper v. HealthScope Ben.*, No. 2:19-cv-5401, 2020 U.S. Dist. LEXIS 47118, at *29 (S.D. Ohio Mar. 18, 2020) (citing *El-Hallani v. Huntington Nat'l Bank*, No. 13-cv-12983, 2014 U.S. Dist. LEXIS 72887, at *19 (E.D. Mich. May 29, 2014) (rev'd on other grounds)).

As this Court has warned Plaintiff once before, pleading breach of contract without citing any specific provisions of the Bill of Lading that have been breached is insufficient to plead

10

"nonperformance amounting to a breach of the contract." [Doc. 20, at 10–11].[2] "As a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.' This does not include plaintiffs' responses to a motion to dismiss." *Waskul*, 979 F.3d at 440 (citation omitted). "If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a motion to dismiss] . . . they have a readily available tool: a motion to amend the complaint under Rule 15. They cannot 'amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.'" *Id.*

This Court has already given Plaintiff a chance to amend its complaint to address the *exact same* deficiencies the Court now addresses once again. In fact, the Court expressly stated that Plaintiff was "**ON NOTICE** that the Court will dismiss its breach of contract claim with prejudice" if Plaintiff failed to "amend its complaint to state a claim[.]" [Doc. 20, at 11]. Plaintiff has not heeded the Court's instruction. Accordingly, Plaintiff's breach of contract claim is **DISMISSED**.

### D. Negligence

Under Tennessee law, in order to recover under a theory of common law negligence, a plaintiff must establish the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal, cause. *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991).

---

[2] *See also Pearson v. Specialized Loan Servicing, LLC*, No. 1:16-cv-318, 2017 U.S. Dist. LEXIS 116137, at *10 (E.D. Tenn. July 24, 2017) (citations omitted) ("Seizing on Ms. Pearson's failure to plead the breach of any specific provision, the Bank of New York Mellon contends that this defect is fatal to her claim and the Court agrees[.]"); *Simmons v. Countrywide Home Loans*, No. 3:09-00621, 2010 U.S. Dist. LEXIS 33760, at *3 (M.D. Tenn. Feb. 25, 2010) (dismissing plaintiffs' breach of contract claims because they "fail[ed] to allege which provisions of the Loan Agreement were breached by Defendants, or how those provisions were breached").

11

"[W]hen two parties enter into a contractual agreement, their obligations to each other arise out of the contract itself, so that a violation of the contractual duty supports an action in contract rather than in tort." *Williams v. SunTrust Mortg., Inc.*, No. 3:12-CV-477, 2013 U.S. Dist. LEXIS 41028, at *11 (E.D. Tenn. Mar. 25, 2013) (citing *Permobil, Inc. v. Am. Express Travel Related Servs., Inc.*, 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008) ("[I]f the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action.")) (other citations omitted).

Thus, in order to allege negligence, Plaintiff must allege that Defendant owed it a common law duty in addition to its contractual obligations. "[W]here the only claim for negligence is based on a breach of a contract obligation and there is no extra-contractual duty, the first element of the tort claim fails." *America's Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc.*, No. 3:09-cv-143, 2016 U.S. Dist. LEXIS 195369, at *59 (E.D. Tenn. Sept. 7, 2016) (citing *Silvestro v. Bank of Am., N.A.*, No. 3-13-0066, 2013 U.S. Dist. LEXIS 37675 (M.D. Tenn. Mar. 19, 2013)).

Plaintiff's Amended Complaint alleges that "[p]ursuant to the Bill of Lading, as a Carrier pursuant to the Bill of Lading, [Defendant] owed a duty to exercise due care in the shipment of the Crane from Italy to Houston to Colorado." [Doc. 21, at 5]. The Court, therefore, can dismiss Plaintiff's claim on the language of the Amended Complaint alone. Plaintiff, despite being cautioned otherwise, has once again explicitly stated that Defendant's duty arose "pursuant to the Bill of Lading" and "as a Carrier pursuant to the Bill of Lading." [*Id.*]. Plaintiff's Amended Complaint is merely "recast[ing] contractual claims in the language of tort." *Amirazodi v. Capella Educ. Co.*, No. 3:21-cv-00074, 2021 U.S. Dist. LEXIS 92339, at *16 (M.D. Tenn. May 14, 2014) (citation omitted).

Nevertheless, Plaintiff argues that it has pled a source of a legal duty outside of its contractual relationship with Defendant because "the duty of care is established under the [Carriage of Goods by Sea Act ("COGSA")]." [Doc. 31, at 8]. Despite the fact that Plaintiff's Amended Complaint *does not mention COGSA*, a defect also highlighted by the Court with respect to Plaintiff's original Complaint, Plaintiff states in its briefing that "COGSA would apply in this matter whether or not it was incorporated into the Bill of Lading." [*Id.*]. If the Court were to take this statement as fact, then it *must* dismiss Plaintiff's negligence claim. In its prior Order, the Court cautioned that "where an action is governed by COGSA, state causes of action are barred for breach of contract and negligence." [Doc. 20, at 5 n.2 (citing *Expeditors Int'l of Wash., Inc. v. Crowley Am. Transp., Inc.*, 117 F. Supp. 2d 663, 667 (S.D. Ohio 2000) (collecting cases))]. The Court will elect to proceed, however, by looking at the plain text of the Amended Complaint, which clearly does not allege that Defendant has a non-contractual legal duty to Plaintiff.

Despite Plaintiff being afforded the opportunity to amend its negligence claim, the Amended Complaint failed to remedy the exact pleading deficiencies previously identified by the Court. Accordingly, Defendant's motion is **GRANTED** with respect to Plaintiff's negligence claim, and Plaintiff's negligence claim is **DISMISSED**.

IV. **Conclusion**

For the reasons stated above, the Court **GRANTS IN PART** Defendant's Motion to Dismiss [Doc. 26]. Plaintiff's claims for breach of contract and negligence are hereby **DISMISSED**. Plaintiff will have **ten (10) days** from the date of this Order to amend its claim for negligent misrepresentation. Defendant is not prejudiced from filing a subsequent partial motion for dismissal with respect to Plaintiff's amended negligent misrepresentation claim.

So ordered.

ENTER:

                                                    s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE