IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| CREATIVE LIFTING SERVICES, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20–CV–337 |
| ) | |
| STEAM LOGISTICS, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Steam Logistics, LLC's Motion to Dismiss Negligent Misrepresentation Claim. [Doc. 35]. For the following reasons, Defendant's Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff filed an Amended Complaint on January 24, 2022 [Doc. 21], and Defendant filed a Motion to Dismiss for Failure to State a Claim on February 11, 2022 [Doc. 26]. In an Order dated August 1, 2022 (the "Dismissal Order"), the Court granted Defendant's Motion to Dismiss in part. [Doc. 34]. In the Dismissal Order, the Court informed Plaintiff that it had failed to state a claim for negligent misrepresentation and had ten days to amend its Amended Complaint. [*Id.* at 9]. The Court expressly stated that "[i]f Plaintiff fails to correct its pleading deficiencies, Plaintiff is hereby **ON NOTICE** the Court will dismiss the negligent misrepresentation claim with prejudice." [*Id.*]. The Court did not prejudice Defendant from filing a subsequent partial motion for dismissal with respect to Plaintiff's amended negligent misrepresentation claim. [*Id.* at 13]. Plaintiff did not amend its claim within the time prescribed by the Court. Defendant has now filed a Motion to Dismiss Negligent Misrepresentation Claim. [Doc. 35].

1

Plaintiff responded to Defendant's Motion to Dismiss on September 6, 2022, outside of the time allowed by this District's Local Rules.[1] Plaintiff argues that it has, in fact, stated a claim for negligent misrepresentation, because it has pled: (1) that Defendant made negligent misrepresentations on its website; (2) that Plaintiff reasonably relied on this information; and (3) that Plaintiff was harmed as a result of its reasonable reliance on Defendant's misrepresentations. [Doc. 37, at 3]. Plaintiff further states that it is "unable to further amend the Complaint to add more detail until it is able to properly complete discovery including depositions," and that "[b]eing required to amend the Complaint without first being allowed to complete written discovery and depositions puts Plaintiff at an unreasonable disadvantage." [*Id.*]. Plaintiff requests that the Court permit Plaintiff at least three months to complete discovery. [*Id.*]. This matter is ripe for the Court's review.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible

---

[1] Defendant's Motion to Dismiss was filed on August 12, 2022. [Doc. 35]. Local Rule 7.1(a) governing motion practice states that when responding to a motion, "the answering brief and any accompanying affidavits or other material shall be served and filed no later than 14 days after the service of the opening brief, except that parties shall have 21 days in which to respond to dispositive motions." E.D. Tenn. L.R. 7.1(a). Accordingly, Plaintiff's response was due on or before September 2, 2022. However, as the delay in filing was only one calendar day, accounting for the Court's closure on September 5, 2022, in the interests of justice the Court will elect to proceed as if Plaintiff's response was timely filed.

when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint. *Id.*

When considering a motion to dismiss under Rule 12(b)(6), a court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," however. *Iqbal*, 556 U.S. at 678. A plaintiff's allegations must consist of more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)).

### III. ANALYSIS

"To succeed on a claim of negligent misrepresentation, a plaintiff must establish that '(1) the defendant supplied information to the plaintiff; (2) the information was false; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and (4) the plaintiff justifiably relied on the information.'" *Nat'l Union Fire Ins. Co. v. Small Smiles Holding Co.*, No. 3:10-00743, 2011 U.S. Dist. LEXIS 35675, at *6 (M.D. Tenn. Mar. 31, 2011) (citing *Int'l Mkt. & Rest. v. Belmont Univ.*, No. M2010-00005-COA-R3-CV, 2010 Tenn. App. LEXIS 697, at *7–*8 (Tenn. Ct. App. Nov. 9, 2010) (citations omitted)).

Plaintiff argues that the Court erred in finding that Plaintiff has not pled a claim for negligent misrepresentation. Plaintiff has not filed a motion for reconsideration, but through its response to Defendant's Motion, Plaintiff is asking the Court to reverse findings in the Dismissal Order. Specifically, "Plaintiff argues that the Court allow the case to proceed as it has properly plead [sic] a plausible claim pleading information that was plead to plaintiff, the time it was given

(continually available on Defendant's website), the falsity of the statements and that defendant did not exercise reasonable care in obtaining or communicating this information." [Doc. 37, at 3].

In the Dismissal Order, the Court found that Plaintiff had pled that Defendant supplied them with false information and that Plaintiff justifiably relied on that information. [Doc. 34, at 7–9]. However, the insurmountable issue with Plaintiff's argument at hand is the same issue the Court pointed out in the Dismissal Order: "Plaintiff's Amended Complaint does not state *any* facts relevant to how or why Defendant failed to use reasonable care in communicating the misrepresentations contained on its website to Plaintiff." [Doc. 34, at 8 (emphasis added)]. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To prove its claim for negligent misrepresentation, Plaintiff would be required to show that Defendant failed to use reasonable care. The Court cannot possibly conclude that Plaintiff could be entitled to relief on its negligent misrepresentation claim when it has pled no facts whatsoever related to an essential element of that claim.

Further, with respect to Plaintiff's request for discovery, the Sixth Circuit has stated that "[t]he Supreme Court's decisions in *Twombly* and *Iqbal* do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint." *Patterson v. Novartis Pharms. Corp.*, 451 Fed. Appx. 495, 498 (6th Cir. 2011). "A plaintiff does not have a 'general right to discovery upon filing of the complaint. The very purpose of [Rule] 12(b)(6) "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."'" *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to

4

discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment.").

Even if the Court had any legal basis for granting Plaintiff's request for discovery, the deficiency in Plaintiff's negligent misrepresentation claim is not one that discovery could remedy. The Court did not find that facts in the Amended Complaint relating to Defendant's reasonable care were insufficient as to survive a motion to dismiss. Rather, Plaintiff did not plead *any* facts relevant to reasonable care, and despite being given the opportunity to do so, Plaintiff failed to amend its claim for negligent misrepresentation within the Court's prescribed deadline.

The Court has been more than willing to allow Plaintiff to remedy its pleading deficiencies in this action. In fact, the Court has now afforded Plaintiff two opportunities to amend its pleadings. As explained in the Dismissal Order dismissing Plaintiff's claims for negligence and breach of contract, Plaintiff ignored substantial portions of the Court's reasoning and instruction when drafting its first Amended Complaint. [*See* Doc. 34, at 9–13]. This time around, Plaintiff failed to even attempt to amend its deficient claim for negligent misrepresentation. The Court, to be frank, is left with little choice but to wonder the extent to which Plaintiff is invested in the prosecution of this case, despite the Court's expenditure of valuable judicial time and resources resolving three rounds of briefing regarding the sufficiency of Plaintiff's claims. For instance, it did not escape the Court's notice that Plaintiff's response was styled as a "Response to Defendant's Motion for Judgment on the Pleadings" and that Federal Rule of Civil Procedure 12(c) was included in Plaintiff's legal standards, despite the fact that Defendant's Motion to Dismiss does not seek any relief under Rule 12(c).

Regardless, it is Plaintiff's failure to amend its claim for negligent misrepresentation alone that is dispositive here. The Court placed Plaintiff on notice that it would dismiss Plaintiff's

negligent misrepresentation claim with prejudice if Plaintiff failed to correct its pleading deficiencies. [Doc. 34, at 9]. The Court cannot allow Plaintiff's claim for negligent misrepresentation to proceed when Plaintiff has failed to plead a necessary element of that claim.[2] Accordingly, and for the reasons originally explained in the Dismissal Order, Plaintiff has failed to state a claim for negligent misrepresentation. [Doc. 34, at 7–9]. Plaintiff's negligent misrepresentation claim is hereby **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 35]. Plaintiff's claim for negligent misrepresentation is **DISMISSED WITH PREJUDICE**. Defendant will be permitted to amend its Answer to account for this Order within **ten (10) days** of this Order, and the Court will proceed to enter a Case Management Order. This action will receive a discovery schedule and trial date after the parties have held a conference pursuant to Federal Rule of Civil Procedure 26(f) and filed a written report pursuant to the terms of the Court's Case Management Order.

So ordered.

ENTER:

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE

---

[2] *See also W. Lumber v. Burke-Parsons-Bowlby*, No. 4:09-cv52, 2010 U.S. Dist. LEXIS 163754, at *14 (E.D. Tenn. Mar. 22, 2010) (finding a claim for negligent misrepresentation to be deficient where plaintiff did not allege that the defendants failed to exercise reasonable care in obtaining or communicating the information to the plaintiff); *Pugh v. Bank of Am.*, No. 13-2020, 2013 U.S. Dist. LEXIS 92959, at *44 (W.D. Tenn. July 2, 2013) (dismissing a claim of negligent misrepresentation where, inter alia, there was no factual allegation that the defendants failed to exercise reasonable care in communicating information to the plaintiff).